IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS JACOBS,

                                        ORDER

               Plaintiff,

                                20-cv-981-bbc

      v.

MARATHON COUNTY CLERK OF COURT
AND STATE PUBLIC DEFENDERS' OFFICE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Chris Jacobs, who is incarcerated at the Columbia Correctional Institution, has filed this proposed civil action under 42 U.S.C. § 1983, seeking an order that (1) defendant Marathon County Clerk of Court allow plaintiff to read the presentence investigation reports related to his 1987 and 1998 criminal convictions; and that (2) defendant State Public Defender's Office produce two boxes of legal paperwork that it has been withholding from him.  He has requested leave to proceed without prepayment of the filing fee, but he has three verified "strikes" against him under 28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim.  Jacobs v. Gerber,

case no. 10-1796 (7th Cir. Nov. 4, 2010) ("In any future case, Jacobs must prepay all filing fees unless he can demonstrate, at the time of filing, that he is 'under imminent danger of serious physical injury.' 28 U.S.C. § 1915(g)."). Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury.

Plaintiff must plead facts in his complaint supporting a finding of imminent danger of serious physical injury, but a review of his complaint shows that he has failed to do so. I understand plaintiff to be alleging that defendants have failed to take proper action with respect to certain requests that he has made related to his 1987 and 1998 criminal convictions in state court. Plaintiff's allegations do not support an inference that plaintiff faces imminent danger of serious physical injury sufficient to invoke the exception provided in § 1915(g). None of his allegations suggests that plaintiff is facing a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). Because plaintiff's complaint does not meet the exception under § 1915(g), he may not proceed without prepayment of the filing fee. Therefore, I will dismiss this case without prejudice. If plaintiff pays the $400 filing fee, he may move to reopen the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs is DENIED leave to proceed *in forma pauperis* under 28

U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if plaintiff

submits the $400 filing fee by December 5, 2020.

Entered this 9th day of November, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge